# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AL TAYLOR AND RACHEL TAYLOR | CIVIL ACTION |
| VERSUS | NO: 09-347 |
| ALEA LONDON, LTD. | SECTION: "C" (3) |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction. The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing. Rec. Doc. 3. The plaintiffs argued that the jurisdictional amount was satisfied. Rec. Doc. 8. The defendant did not file a memorandum addressing subject matter jurisdiction but did file an answer to plaintiff's amended complaint.[2] Rec. Doc. 7. Having considered the record, the plaintiffs' memorandum, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiff homeowners originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Aguilar et al. v. Alea London, Ltd.*, Civil Action No. 07-4852, to

---

[1]Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

[2]Plaintiffs' amended complaint, Rec. Doc. 1, is insufficient because it does not specifically address the damage they claim their property sustained. The plaintiffs only stated that they adopt, "as if copied *in extenso* all of the allegations of fact and law contained in the original and supplemental and amended complaint attached," Rec. Doc. 1 at 2.

recover payment for property damage under their insurance policy with Alea London, Ltd. Rec. Doc. 1 at 1. The case was consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. 2007). Magistrate Judge Wilkinson issued an order requiring the plaintiffs to each file an individual amended complaint asserting claims as to their respective property. The homeowners then filed an individualized amended complaint against Alea London, Ltd. Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, homeowners Al Taylor and Rachel Taylor claim they were insured under an insurance policy issued by Alea London, Ltd. providing insurance for their two properties located at 2431-33-35 Magnolia Street, and 2427-29 Magnolia Street, New Orleans, Louisiana. Rec. Doc. 1 at 1. They allege that Alea London, Ltd. is a foreign insurer licensed to do and doing business within the State of Louisiana at the time of the Hurricane Katrina. *Id*. They alleged in their original complaint that due to the hurricane force winds and consequent failure of levees, their property was severely damaged and/or destroyed. Civil Action No. 07-4852, Rec. Doc. 1 at 30-31. They further alleged that after submission of proper proof of loss, the insurance company tendered insufficient and untimely payments to the plaintiffs, and that they did not receive adequate compensation for the loss of contents and additional living expenses, business interruption, business loss, loss of income, profits, rental income and other recoverable items. *Id*. Plaintiffs did not mention their policy limits in either their amended complaint or in their memorandum addressing subject matter jurisdiction but they estimated that the damage to their property was approximately $368,557 of which they alleged approximately $120,772 was "related to wind damage." Rec. Doc. 8 at 1. Notably, no copy of a prerequisite proof of loss was provided as ordered.

The defendant did not submit a memorandum addressing subject matter jurisdiction. The plaintiffs alleged, however, that they received approximately $28,521 in prior payments as well as $109,900 in flood benefits. *Id*. They did not mention who those payments were from. *Id*. Plaintiffs also made a claim for penalties. *Id*.

## II. LAW AND ANALYSIS

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states..." 28 U.S.C. §1332. Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 858 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983), *cert. denied*, 459 U.S. 1107 (1983). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc., Richardson*, 448 F.2d 658 (5th Cir. 1971).

Because the domicile of neither the plaintiff nor the defendant is disputed, and the parties are completely diverse for the purposes of diversity jurisdiction, Rec. Doc. 1 at 1, the sole issue

in this case is whether there is, in fact, over $75,000 in controversy.

The majority of Fifth Circuit cases concerning amounts in controversy deal with cases that were removed from state to federal court. The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court has original jurisdiction. *See St. Paul Reinsurance Co. Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (dealing with an action for declaratory judgment). In cases that are removed from state court to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original). In *Allen*, the court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. *Id*. The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), *see also McNutt v. General Motors Corp.*, 298 U.S. 178 (1936). In this case, therefore, that burden falls on the plaintiff.

Furthermore, in cases concerning insurance policies, the relevant inquiry to determine the amount in controversy is the damage to the property at the time the initial complaint is filed, not the insurance policy limits or the value of the property. *Hartford Ins. Group v. Lou-Con Inc.*,

293 F.3d 908 (5th Cir. 2002). Accordingly, in this case the plaintiff's damage estimate, and not the policy limits, controls. Parties would need to provide evidence implicating the limits of the policy, damage assessments, or repair estimates. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 (E.D.La. 2008).

In their memorandum addressing subject matter jurisdiction, the plaintiffs mention their own estimate of damages–approximately $368,557–for which they did not provide any affirmative proof. Rec. Doc. 8 at 1. Plaintiffs claim they have been paid approximately $28,521. *Id*. Without knowing how much coverage the plaintiffs had under their insurance policy and without affirmative proof of the damage they claimed their property sustained, however, it is impossible to determine how much remains in controversy between the parties. Again, no copy of a proof of loss has been provided as ordered.

Finally, the plaintiffs claim they may be entitled to penalties. Rec. Doc. 8 at 1. Plaintiffs' original complaint mentions La. R.S. 22:658 and La. R.S. 22:1220. Civil Action No. 07-4852, Rec. Doc. 1 at 36. Simply stating that they may be entitled to penalties is not enough. The plaintiffs would have needed to present actual facts indicating the propriety of such penalties and indicating why they are entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D.La. March 18, 2007). The statutes they cited require findings of fact. La. R.S. 22:658 and La. R.S. 1220. The statutes also spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. La. R.S. 22:658 and La. R.S. 22:1220. Neither party has provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co.*, 134 F.3d 1250 (5th Cir. 1998), the Fifth Circuit held that a statutory penalty that required no adjudication

5

could be used to establish threshold jurisdiction, but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. The plaintiff may be entitled to penalties, but the Louisiana statute details six specific actions that constitute a "breach," and the "breach" must be demonstrated with actual evidence. Though they claimed in their original complaint that the defendant's actions were "arbitrary and capricious," Civil Action No. 07-4852, Rec. Doc. 1 at 36, the plaintiffs have not provided evidence demonstrating the "arbitrary and capricious" nature of the defendants' acts.

Neither party has demonstrated that the amount in controversy exceeds the required minimum of $75,000, therefore, this Court does not have subject matter jurisdiction over this action.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiff's complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana this 14th day of July, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**